UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY ROBINSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Docket No. 15-cv-58 |
| ) | |
| SCOTT LANDRY, et. al. ) | |
| ) | |
| Defendants ) | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rules 12(b)(6) and 56(b) of the Federal Rules of Civil Procedure, defendants move to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. Defendants further assert that they are entitled to judgment as a matter of law on plaintiff's claims for injunctive and declaratory relief. Specifically, defendants state that plaintiff's claim for damages for emotional distress is barred by his failure to allege any physical injury; that the claim for money damages is barred by sovereign immunity; that plaintiff's claim for declaratory and injunctive relief is rendered moot by his release from incarceration; and that the facts alleged in the complaint fail to describe any conduct of these defendants that violated plaintiff's rights under the First Amendment or the Religious Land Use and Institutionalized Persons Act (RLUIPA).

## Memorandum of Law

### Facts

The facts alleged in the complaint and contained in the exhibits attached to the complaint may be summarized as follows:

Plaintiff Zachary Robinson was incarcerated at the Maine Correctional Center (MCC) on September 12, 2014. *Complaint, ¶ 1.* [1] Robinson professes adherence to the Native American religion. *See, Exhibit B.* When he was admitted to MCC, his medicine bag (which he had previously purchased while incarcerated in Worcester County) was confiscated. *Complaint, ¶ 1; Exhibit K.*

Robinson was placed in the prison's Multi-purpose Unit (MPU) on reception status. He was told by the prison chaplain that he could not participate in Native American services while in the MPU. *Complaint, ¶ 2.* Robinson informally grieved the confiscation of his medicine bag and the restriction against attending religious services while in the MPU with Susan Carr, MCC's deputy superintendent.[2] *Complaint, ¶¶ 4-5.* He then followed up with a formal grievance filed with defendant Dennis Shipman, the prison's grievance review officer. *Complaint, ¶ 6; Exhibit C.* Shipman eventually dismissed the grievance because Robinson did not follow the procedure for seeking an informal resolution of the grievance before filing a formal grievance. *Complaint, ¶ 10; Exhibit F.*

In response to a later informal request for information from Robinson regarding the medicine bag and smudge materials, defendant Landry, MCC's superintendent, advised Robinson that Department policy requires that religious items be purchased through the facility

---

[1] References are to the numbered paragraphs of the pages attached to the form complaint and to the exhibits attached to the complaint. *See,* F. R. Civ. P. Rule 10(c).
[2] Neither Susan Carr nor the prison's chaplain is named as a defendant.

2

canteen and that, per policy, the prisoner was not allowed to possess his own smudge materials. *Complaint, ¶ 17; Exhibit K*.

A Native American service was held on December 11, 2014, but Robinson's housing unit was not informed and not allowed to go.[3] *Complaint, ¶ 12*. Robinson filed an "informal grievance" over this incident and was advised that staffing was an issue on that date. The grievance was marked as resolved. *Complaint, ¶ 15; Exhibit H*.

Robinson's request to participate in the Wabanaki Healing Circle was denied, as participation was limited to those who were of the Native American race, not merely adherents of the Native American religion. *Complaint, ¶ 18; Exhibit L*.

Robinson alleges generally that his right to practice religion has been unfairly restricted in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment. *Complaint, ¶ 19.*[4] He seeks a declaration that his rights have been violated, an injunction ordering defendants to allow inmates to practice Native American religion, and compensatory damages. *Complaint, ¶¶ 22-24*.

In addition, as established by the affidavit of Kadie Vining, Robinson was released from MCC to probation on April 3, 2015 and is no longer incarcerated at MCC. *Defendant's Statement of Material Fact*.

---

[3] Presumably, Robinson had by then been transferred to from MPU to a regular housing unit.
[4] Robinson also refers to 34-A M.R.S.A. § 3031-C. *Complaint, ¶ 20*. There is no such section in the Maine Revised Statutes.

3

## Argument

**1. Plaintiff's claim for damages for emotional distress is barred by his failure to allege any physical injury.**

The Prison Litigation Reform Act states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Even where a complaint alleges a violation of the First Amendment, the failure of a prisoner seeking damages for emotional distress to allege a concomitant physical injury is grounds for dismissal. *Geiger v. Jowers*, 404 F. 3d 371, 374-375 (5th Cir. 2005) (collecting cases.)

In this case, Robinson does not allege that he suffered any physical injury as the result of the actions alleged in the complaint but only that he had "anxiety and distress." His claim for compensatory damages is thus barred by the PLRA.

**2. Plaintiff's claim for money damages is barred by sovereign immunity.**

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), the Supreme Court held that the Eleventh Amendment prevents a state and its agencies from being sued in federal court on any claim, whether based in federal or state law, and regardless of the relief sought. *Id.,* at 66, 70; *Pennhurst State School and Hospital v. Halderman*, 465 U. S. 89, 99-100 (1984). *See also, Poirier v. Mass. Dept. of Corrections*, 558 F. 3d 92, 97 and n. 6 (1st Cir. 2009) (states and their agencies are entitled to immunity regardless of relief sought). This immunity also applies to agency officials sued in their official capacities. *Rosie D. ex rel. John D. v. Swift*, 310 F.3d 230, 234 (1st Cir. 2002); *Grenier by and through Grenier v. Kennebec County*, 733 F. Supp. 455, *amended*, 749 F. Supp. 49 (D. Me. 1990); *c.f., Nillson-Borrill v. Burnheimer*, 505 F. Supp. 2d

180 (D. Me. 2007) (Maine statutes clearly demonstrate that the Maine Correctional Center is a state facility, and its superintendent cannot be sued in his official capacity in federal court.)

An action for violation of RLUIPA claiming money damages against a state, its officers or anyone acting under color of state law is also barred by the doctrine of sovereign immunity. *Sossamon v. Texas*, 131 S. Ct. 1651, 1660 (2011).

As one ground of relief, Robinson seeks an award of $9,000 in damages against Shipman and Landry, jointly and severally. Such a claim is clearly barred by the Eleventh Amendment and should be dismissed.

### 3. Plaintiff's claim for injunctive and declaratory relief is moot.

An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility. *Salhuddin v. Goord*, 467 F. 3d 263 (2d Cir., 2006); *Thompson v. Choinski*, 525 F. 3d 205, 209 (2d Cir. 2008); *Stow v. Warden, New Hampshire State Prison*, 21 F. 3d 420 (1st Cir. 1994) (table) (unpublished decision), 1994 WL 108929, *2. Thus, in *Ford v. Bender,* 768 F. 3d 15, 29-30 (1st Cir. 2014), a prisoner's release from custody mooted his claim that defendants violated his due process rights by placing him in segregated confinement. *C.f., Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (prisoner's complaint about being transferred from medium to maximum security prison was rendered moot when he was returned to the medium custody prison before the district court could rule on his case.)

In this case, it is established beyond dispute that Robinson was released from MCC to community supervision (probation) on April 3, 2015.[5] This change in his status renders moot his

---

[5] Robinson has apparently neglected to notify the court of this change, since the docket continues to reflect Robinson's address as Maine Correctional Center.

claims for injunctive and declaratory relief, and judgment should be entered for the defendants on these claims.[6]

**4. The facts alleged in the complaint fail to describe any conduct of the defendants that violated plaintiff's rights under the First Amendment or RLUIPA.**

With regard to defendant Shipman, Robinson dwells at some length on Shipman's handling of Robinson's grievances regarding restrictions on his religious practice and possessions. *Complaint, ¶¶ 6-11.* Similarly, the only conduct of defendant Landry alleged in the complaint is that he responded negatively to a complaint from Robinson about Robinson's medicine bag and Robinson's request to possess smudge materials.

Because vicarious liability is inapplicable in a § 1983 case, a plaintiff must plead that each government official defendant violated the Constitution through the official's own individual actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Allegations of improprieties in handling of grievances do not state a claim under 42 U.S.C. § 1983. *Glenn v. DelBalso*, 2015 WL 1652427 (3d Cir.); *Massey v. Helman*, 259 F. 3d 641 (7th Cir. 2001); *Bingham v. Thomas*, 654 F. 3d 1171 (11th Cir. 2001); *Perry v. Bouffard*, 2015 W.L. 1539620 (D. Me.). *C.f., George v. Smith*, 507 F. 3d 605, 609-610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to a [constitutional] violation."); *Lamon v. Junious*, 2009 WL 3248173, *4-5 (E.D. Cal.); *Canada v. Ray*, 2011 WL 565611, f.n. 10 (W.D. Va.); *Sauve v. Joyce*, 2012 WL 346453 (D. Me. 2012).

Absent from the complaint are any allegations that Shipman or Landry was responsible for establishing the Department's religious practices polices or that they prevented Robinson

---

[6] To the extent that Robinson seeks an injunction on behalf of other prisoners at MCC, he lacks standing to bring this claim.

from attending Native American ceremonies or confiscated Robinson's medicine bag or performed any other act that interfered with Robinson's ability to engage in the practice of his religion. Without further elaboration on the actions of the named defendants, the complaint fails to state a claim as to them and should be dismissed.

## Conclusion

For the reasons stated above, the court should dismiss the complaint and grant judgment to the defendants on plaintiff's claim for injunctive and declaratory relief.

May 22, 2015                                                                  __/s/ James E. Fortin___
                                                                              James E. Fortin
                                                                              Assistant Attorney General

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

## Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Zachary Robinson
24 Grierson Road
South Thomaston, ME 04858

May 22, 2015                                                                  /s/ James E. Fortin
                                                                              James E. Fortin
                                                                              Assistant Attorney General