UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY ROBINSON, )<br>)<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>SCOTT LANDRY AND DENNIS )<br>SHIPMAN, )<br>)<br>DEFENDANTS ) | CIVIL NO. 2:15-CV-58-DBH |

DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT

As an inmate at the Maine Correctional Center ("MCC"), Zachary Robinson claims that prisons officials failed to accommodate several tenets of his Native American religion. He has sued MCC Superintendent Scott Landry and MCC Grievance Review Officer Dennis Shipman. The defendants moved to dismiss for failure to state a claim upon which relief can be granted and for summary judgment. Robinson did not respond. I therefore take as true the properly supported facts that the defendants assert. D. Me. R. 56(f) ("Facts contained in a supporting . . . statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."); Estate of Bennett v. Wainwright, 548 F.3d 155, 165 (1st Cir. 2008) (same). There

is only one such fact: Robinson was released from the MCC to Probation on April 3, 2015. Defs.' Statement of Material Fact (ECF No. 11).[1]

I conclude that because Robinson has been released from MCC custody, his claims for declaratory and injunctive relief are **MOOT**. I also rule that monetary damages are unavailable to Robinson under the facts that he has alleged. Because I dismiss the foundational federal claims, I decline to exercise supplemental jurisdiction over the remaining state law claim. Therefore the defendants' motions for summary judgment and dismissal are **GRANTED** in their entirety.

## FACTS AND PROCEEDINGS

Robinson filed his complaint on February 11, 2015 using a form designed for Section 1983 claims. He sought declaratory relief, an injunction ordering that MCC allow inmates[2] to practice the Native American Religion, and monetary damages. Compl. ¶¶ 22–24. His claims arise out of three distinct, but related, aspects of his practice of the Native American religion. First, he alleges that prison authorities took his medicine bag from him at intake processing and never returned it to him, despite repeated complaints to the chaplain, grievances to a deputy superintendent,[3] and formal grievances with the defendants Landry and Shipman. Compl. ¶¶ 1, 3–11, 16–17. Second, he asserts that he was not allowed to possess Smudge materials because MCC policy prohibits these items. Id. ¶ 17.

---

[1] On March 6, 2015, Robinson also notified the Court by letter that he expected to be released from MCC on April 7, 2015. Mar. 6, 2015 Letter to Office of the Clerk (ECF No. 4).
[2] Robinson has not demonstrated any standing to assert the claims of other inmates, and I deal with only Robinson's claims.
[3] Neither the chaplain nor the deputy superintendent is a defendant in this lawsuit.

2

Third, he says that he was not allowed to participate in Native American services. Id. ¶¶ 12, 18.[4]

However, his complaints against the two defendants that he has named in this lawsuit are significantly narrower. He says that Superintendent Landry responded to one of his requests for the return of his medicine bag by stating, "Religious items [may] be acquired through canteen or Chaplain. Smudge materials are not allowed in attachment B of the same policy. Policy 24.03." Compl. ¶ 17; Exhibit K to the Compl. He says that Shipman reviewed and rejected his grievance and failed to respond to Robinson's effort to reply to that grievance dismissal. Compl. ¶¶ 6–11.

## ANALYSIS

The portion of the Complaint that Robinson composed in his own words asserts claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[5] and the First Amendment. It does not actually cite 42 U.S.C. § 1983. But the form Robinson used as the foundation for his Complaint refers to Section 1983, and that is the only basis to assert his constitutional claim, so I will treat his claims under both the RLUIPA and Section 1983. In doing so, I recognize that *pro se* complaints are to be construed liberally. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014); see also Guerro v. Mulhearn, 498 F.2d

---

[4] Robinson says: "I was informed that '[t]he information we have doesn't show that you are Native American. It does show that your preferred religion is Native American but not your race. For that reason you will not be allowed to attend.'" Compl. ¶ 18. Robinson makes no statement as to whether he is Native American, and his status makes no difference to my ruling.

[5] The First Circuit has stated: "RLUIPA provides greater protection to inmates' free-exercise rights than does the First Amendment. It bars prisons receiving federal funds from substantially burdening an inmate's religious exercise unless the regulation under attack is the least restrictive way to advance a compelling state interest." Kuperman v. Wrenn, 645 F.3d 69, 79 (1st Cir. 2011) (citations omitted).

3

1249, 1256 (1st Cir. 1974) (the court must "read the allegations of a pro se complaint liberally, and not dismiss the action unless it appears 'beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief.'") (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)).

### *(a) Declaratory or Injunctive Relief*

Robinson has been released from MCC custody and is now on probation. There is no suggestion that he is likely to return to MCC custody. Therefore his claims for declaratory and injunctive relief concerning MCC treatment of his religious practices have become moot, and there is no longer a live case or controversy for declaratory and injunctive relief. See Ford v. Bender, 768 F.3d 15, 28–30 (1st Cir. 2014).

### *(b) Monetary Damages under the First Amendment and the RLUIPA*

In bringing suit under the First Amendment and the RLUIPA against prison officials in their personal capacities,[6] Robinson says that his "right to exercise [his] religion has been unfairly restricted," Complaint ¶ 19, and requests damages for "anxiety and emotional distress." Compl. ¶ 20. I treat Robinson's First Amendment claim under Section 1983, which provides a cause of action against those who, acting under color of state law, violate federal law. 42 U.S.C. § 1983. Separately, the RLUIPA provides an express private cause of action

---

[6] The defendants appear to treat Robinson's suit as one against the prison officers in their *official* capacities. Defs.' Mot. to Dismiss for Failure to State a Claim and Mot. for Summ. J. at 4–5 (ECF No. 10). However, nowhere in the Complaint does Robinson state that he intends to sue the defendants in their official capacity. Sovereign immunity bars such a suit. Sossamon v. Texas, 131 S. Ct. 1651, 1661 (2011) (RLUIPA does not represent a waiver of sovereign immunity for monetary damages); Glaros v. Perse, 628 F.2d 679, 683 (1st Cir. 1980) (citing Quern v. Jordan, 440 U.S. 332, 337–45 (1979)) (state is not subject to suit in federal court under Section 1983).

where the government—including state governments—imposes a "substantial burden on the religious exercise" of an inmate. 42 U.S.C.A. § 2000cc–1(a).[7]

But neither the First Amendment nor the RLUIPA affords Robinson the monetary relief he seeks for his anxiety and emotional distress. The relevant provision of the Prison Litigation Reform Act, Section 803(d), as codified at 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42. U.S.C. § 1997e(e). Robinson has made no claim of physical injury.

Although the First Circuit has avoided ruling on section 1997e(e)'s applicability to constitutional claims and the RLUIPA,[8] I conclude that the plain language makes Robinson's anxiety and emotional distress claim futile. In reaching this decision, I follow the Second Circuit in Thompson v. Carter, 284 F.3d 411, 416–17 (2d Cir. 2002) (holding that section 1997e(e) applies to all federal civil actions, including claims alleging constitutional violations). Robinson does not seek nominal or punitive damages for the asserted constitutional violation that Kuperman does allow. Kuperman v. Wrenn, 645 F.3d 69, 73 (1st Cir. 2011).[9]

---

[7] The RLUIPA sets up a burden-shifting regime. Relief under the RLUIPA is not available if the government shows that the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering" that interest. Id.

[8] Kuperman, 645 F.3d at 73 n.5.

[9] As the defendants point out, Robinson's Complaint also makes no allegations that these defendants personally seized his medicine bag, denied him the opportunity to obtain Smudge materials, or prevented him from attending faith ceremonies. Defs.' Mot. to Dismiss for Failure to State a Claim and Mot. for Summ. J. at 6–7.

I also follow the reasoning in Cryer v. Spencer, 934 F. Supp. 2d 323, 334 (D. Mass. 2013), and the majority of Circuits[10] in concluding that personal-capacity claims are unavailable under the RLUIPA.  See, e.g., Nelson v. Miller, 570 F.3d 868, 889 (7th Cir. 2009); see also Kuperman, 645 F.3d at 78–79 (collecting cases).

Thus, Robinson's Section 1983 and RLUIPA claims for damages against Officers Landry and Shipman are dismissed for failure to state a claim upon which damages can be awarded.

### (c) State law claims under 34-A M.R.S.A. § 3031

Robinson also alleges that his rights under 34-A M.R.S.A. § 3031 were violated.[11]  This is a state law claim, over which this Court may exercise supplemental jurisdiction if it is so related to the federal claims that they form part of the same case or controversy.  28 U.S.C. § 1367.  If, as in this case, the court dismisses "the foundational federal claims," it must reconsider its jurisdiction, and the "balance of competing factors" will typically weigh in favor of declining jurisdiction over state law claims when the federal claims were dismissed at an early stage.  Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).  That is the case here: the foundational federal claims are being dismissed at a very early stage in the litigation, and the remaining state claims raise "substantial questions of state law that are best resolved in state court."  Id.  I thus decline to exercise supplemental jurisdiction over the remaining state law

---

[10] Cryer, 934 F. Supp. at 333–34 (collecting cases).  The First Circuit has reserved ruling on whether personal-capacity claims are barred by the RLUIPA.  See Kuperman, 645. F.3d at 79.
[11] Section 3031(7) provides that any person residing in a correctional facility has a right to "[a] reasonably secure area for the maintenance of permitted personal effects."  34-A M.R.S.A. § 3031(7).

claims.  28 U.S.C. § 1367(c)(3); <u>Desjardins v. Willard</u>, 777 F.3d 43, 46 (1st Cir. 2015).

## CONCLUSION

The defendants' motions for summary judgment and to dismiss are **GRANTED**.  Robinson's claims for declaratory and injunctive relief are **MOOT** because he is no longer incarcerated, and damages are unavailable to him under the applicable statutes and against these defendants.  I decline to exercise supplemental jurisdiction over Robinson's state law claims, and they are therefore **DISMISSED WITHOUT PREJUDICE** as to their assertion in state court.

**SO ORDERED.**

**DATED THIS 6TH DAY OF JULY, 2015**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**